UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JAN 10 P 3: 51

| | |
|---|---|
| Jerry J. Anderson, # 82944-020, | ) C/A No. 2:06-0030-GRA-RSC |
|               Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Matthew B. Hamidullah, Warden of FCI-Estill;<br>FCI-Estill Medical Department;<br>NFN Bush, Ms., and<br>Medical Staff, | ) |
|               Defendants. | ) |

# Background of this Case

The plaintiff is a federal inmate at FCI-Estill. He has brought suit against the Warden of FCI-Estill, the Medical Department at FCI-Estill, a employee of FCI-Estill, and the "Medical Staff" at FCI-Estill. The above-captioned case is the second case filed by the plaintiff in the United States District Court for the District of South Carolina.[1]

---

[1] In Jerry J. Anderson v. Steven Gal, Warden of FCI-Estill; and United States of America, Civil Action No. 2:01-3895-12AJ, the plaintiff on October 3, 2001, brought a Section 2241 habeas corpus action and raised claims under Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348, 2000 U.S. LEXIS® 4304 (2000), with respect to his
(continued...)

1

The "STATEMENT OF CLAIM" portion of the complaint reveals that the above-captioned civil rights action arises out of medical treatment for the plaintiff's left knee. The plaintiff alleges: **(1)** the plaintiff requested a copy of his medical records on November 16, 2004; **(2)** the plaintiff received his medical records approximately a month later; **(3)** the medical records revealed that the plaintiff's "pain and suffering is [sic] coming from a hard object approximately 5cm by 3mm, and a catheter about the joint at the femoral tibial articulation pursuant to exams on March 9, 1992 and November 23, 1999, reports[;]" **(4)** the plaintiff's "discovery led to evidence beyond a reasonable doubt Dr. Allen Weaver, at the Medical Center of Central Georgia, who did surgery on Plaintiff's left knee[,] failed to remove the discovered objects used

---

(...continued)
convictions for operating a continuing criminal enterprise and possession with intent to distribute narcotics, which had been entered in the United States District Court for the Middle District of Georgia in Criminal No. 90-3-MAC (WDO). In a Report and Recommendation filed in Civil Action No. 2:01-3895-12AJ on October 23, 2001, the undersigned recommended summary dismissal of the petition because the claims raised were not cognizable under 28 U.S.C. § 2241 in the Fourth Judicial Circuit.

After being apprised of his right to file timely written objections to the Report and Recommendation, the plaintiff (the "petitioner" in Civil Action No. 2:01-3895-12AJ) filed objections on November 6, 2001, and on May 28, 2002, submitted documentation that he had exhausted his administrative remedies in the Federal Bureau of Prisons with respect to his Apprendi claims. On February 9, 2004, the Honorable C. Weston Houck, Senior United States District Judge, adopted the Report and Recommendation and dismissed the case. The plaintiff's appeal in Civil Action No. 2:01-3895-12AJ was not successful. On June 3, 2004, the United States Court of Appeals for the Fourth Circuit affirmed the decision of this district court. Anderson v. Gal, 98 Fed.Appx. 261, 2004 U.S.App. LEXIS® 10823 (4th Cir., June 3, 2004), *cert. denied*, Anderson v. United States, 73 U.S.L.W. 3323, 160 L.Ed.2d 483,125 S.Ct. 640, 2004 U.S. LEXIS® 7896 (2004).

in the surgery area[;]" **(5)** the plaintiff "requested medical treatment from said defendants Matthew B. Hamidullah, warden; and Ms. Bush, medical staff of Estill F.C.I. to remove objects but only received medication for pain[;]" **(6)** the plaintiff's "Eighth and Fourteenth Amendment right to be free of negligence was violated when he is denied instant removal of hard objects left in his knee from a prior surgery[;]" **(7)** the "actions of the defendants violated state law of sufficient medical treatment with respect to the negligence when he is denied instant removal of the hard objects thats [sic] causing continuing pain[;] and **(8)** the plaintiff's "Eighth and Fourteenth Amendment right to access to sufficient medical treatment was violated when he requested medical treatment pursuant to pain in his left knee after authorized staff reviewed exams and did not arrange for the foreign objects about the joint of his left knee to be removed immediately." (Complaint, at pages 3-4).

In his prayer for relief, the plaintiff does not seek damages. Instead, the plaintiff seeks a court order directing "the Estill Federal Correctional Institution Medical Department to schedule surgery immediately to remove the disovered hard object approximately 5cm x 3mm, and the catheter about the joint at the femoral tibial articulation." (Complaint, at page 5).

With respect to exhaustion of prison remedies, the plaintiff answers on page 2 of the complaint indicate that the plaintiff filed a grievance (No. 244086-F1) on June 26, *2001*, and that he has not received an answer on his grievance. A copy of the grievance of June 26, 2001, is appended to the complaint. The copy indicates that the plaintiff was at "F.C.I. MEM." at the time he filed the grievance.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996);

Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Although the complaint is on this court's Section 1983 (42 U.S.C. § 1983) complaint form, the undersigned is treating this case as a Bivens action. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which cites, inter alia, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was

brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. See Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the Bivens remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

It is readily apparent that the plaintiff is attempting to rely on a grievance filed on June 26, 2001, at "F.C.I. MEM." to constitute exhaustion of administrative remedies to a matter that he discovered in December of 2004 at FCI-Estill. There is no indication that the plaintiff has filed with the Warden of FCI-Estill a new grievance relating to the presence of the object and catheter in his left knee. As a result, this case is subject to summary dismissal for failure to exhaust prison remedies. See 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v.

Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

Exhaustion of prison remedies is required by federal statutory law. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

The Administrative Procedures Act, which is codified at 5 U.S.C. § 554 *et seq.*, and at 5 U.S.C. § 701 *et seq.*, is *not* applicable to inmates of the Federal Bureau of Prisons. See 18 U.S.C. § 3625. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. See 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986).

The plaintiff must begin the process of administratively exhausting his administrative remedies by filing a Form BP-8 (the informal resolution process) with prison personnel at FCI-Estill. If the plaintiff is not satisfied with the informal resolution, he must file a formal grievance with the Warden of his FCI-Estill (using a Form BP-9). See 28 C.F.R. § 542.13(b); and Hernandez v. Steward, 1996 U.S.Dist. LEXIS® 18076, 1996 WESTLAW® 707015 (D.Kan., November 27, 1996)(federal prisoners must exhaust prison remedies prior to bringing suit in a federal district court).[3]

---

[3]In Hernandez v. Steward, the United States District Court for the District of Kansas outlined the procedure for exhausting administrative remedies in the Federal Bureau of Prisons:

> The case comes before the court on the government's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and the government's motion to grant its motion to dismiss as uncontested (Dk. 18). By minute order filed October 23, 1996, (Dk. 20), the court gave the plaintiff until
> (continued...)

(...continued)
November 15, 1996, to file a response in accordance with D. Kan. Rules 7.1 and 7.6. The court also cautioned the plaintiff that "[i]f a response is not timely filed, the court may consider and decide the defendants' motion to dismiss as an uncontested motion." (Dk. 20). The plaintiff has not filed a response within the time provided.

The defendants seek dismissal arguing the plaintiff has not exhausted the administrative remedies available to inmates confined in correctional facilities operated by the federal Bureau of Prisons. See 28 C.F.R. Part 542. The Prison Litigation Reform Act, signed into law on April 26. 1996, Pub. L. No. 104-132, amended 42 U.S.C. § 1997e making it mandatory that a prisoner exhaust his administrative remedies. [FN1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

[FN1. The Prison Litigation Reform Act took effect three days before the plaintiff filed this action.]

In his complaint, the plaintiff declares under penalty of perjury that he exhausted his administrative remedies and that he "filed what they called informal remedy which is BP, 8, 9, and 10 and they never replaid (sic) to" him. (Dk. 2 p. 3). The plaintiff does not attach copies of any forms he says were "filed." The plaintiff's conclusory assertion is not enough to demonstrate exhaustion within the meaning of § 1997e(a).

Under the federal administrative remedy program, the inmate first must submit his "issue of concern informally to staff." 28 C.F.R. § 542.13. If the issue is not resolved informally, the inmate commences the three-tiered administrative remedy procedure by filing a written administrative remedy request (BP-9) with the local institution's administrative staff (Warden). 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may file an appeal (BP-10) with the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may file an appeal (BP-11) with the General Counsel. This is the final administrative appeal provided under the administrative remedy scheme. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk,* 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert. denied,* 116 S. Ct. 112 (1995).

(continued...)

When the Warden of FCI-Estill has issued a determination on the plaintiff's formal grievance, only the first step of the formal administrative process will have been completed. If necessary, the plaintiff must appeal the Warden's determination to the Regional Director of the Federal Bureau of

---

(...continued)

    The declaration of Robert Bennett, the administrative remedy coordinator at the United States Penitentiary, Leavenworth, Kansas, reveals that all available records of administrative remedy submissions for the plaintiff were searched and that none of the plaintiff's submissions pertained to the issues raised in the instant complaint. Bennett's declaration summarizes the plaintiff's nine different administrative remedy submissions and recounts that all but one of the submissions were rejected on procedural grounds pursuant to 28 C.F.R. § 542.17. Bennett's declaration is supported by computer-generated reports from SENTRY, the computer-based system on which all inmate submissions are permanently recorded.

    Other than the conclusory assertions in the plaintiff's complaint, there is nothing of record to demonstrate that he exhausted the available administrative remedies. The plaintiff's explanation of the steps he took towards exhaustion shows his efforts were incomplete. The plaintiff only refers to his filing of an "informal remedy." Though he lists several "BP" forms, he fails to mention an appeal (BP-11) to the General Counsel. As for his excuse that "they never" replied, the plaintiff was still obligated to pursue all levels of the administrative scheme. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Under these circumstances, the record is devoid of a factual basis for reasonably believing that the plaintiff fully exhausted the administrative remedies available to him under the federal prison system.

    IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and motion to grant its motion to dismiss as uncontested (Dk. 18) are granted, and the case is dismissed without prejudice due to the plaintiff's failure to exhaust administrative remedies before bringing this action.

Hernandez v. Steward, supra, at *1-*2.

Prisons, and, if necessary, to the Office of General Counsel. 28 C.F.R. § 542.15. *See also* Williams v. O'Brien, supra, 792 F.2d at 987. The plaintiff "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. §§ 542.10 through 542.16; and *cf.* Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).

With respect to medical care, a prisoner in a § 1983 case or Bivens action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In Estelle v. Gamble, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in Estelle v. Gamble pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). *Cf.* Whitley v. Albers, 475 U.S. 312, 320 (1986)(a state's

12

responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).  Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary.  See Brown v. Thompson, 868 F. Supp. 326, 329-330 & n. 2, 1994 U.S.Dist. LEXIS® 16485 (S.D.Ga. 1994)(collecting cases).

The decision of the Supreme Court of the United States in Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S. Ct. 1970, 1994 U.S.LEXIS® 4274 (1994), which was a Bivens action, does not require that process be issued in the above-captioned case because the allegations in the complaint concern negligence or medical malpractice.

Negligent or incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983 or the Bivens doctrine.  Estelle v. Gamble, supra, 429 U.S. at 106.  Negligence, in general, is not actionable under 42 U.S.C. § 1983 or under the Bivens doctrine.  See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); ; and Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir. 1995)(applying Daniels v. Williams: "The district court properly held that Daniels bars an action under § 1983 for negligent

conduct[.]"). Secondly, the Bivens doctrine and 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983 or under the Bivens doctrine. Estelle v. Gamble, supra, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). See also Brooks v. Celeste, 39 F.3d 125, 1994 U.S.App. LEXIS® 31180 (6th Cir., November 9, 1994)(Although several courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise."), rehearing denied, 1995 U.S.App. LEXIS® 1400 (6th Cir., January 17, 1995); Sellers v. Henman, 41 F. 1100, 1994 U.S. App. LEXIS® 32,913, *7 (7th Cir. 1994)("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); White v. Napoleon, 897 F.2d 103, 108-109, 1990 U.S. App. LEXIS 2473 (3rd Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976)(affirming summary dismissal); and Robbins v. Sweeney, 1994 U.S.Dist. LEXIS® 15874, *11, 1994 WESTLAW® 618488, *2 (E.D.Pa., November 2,

14

1994)("Mere allegations of negligent medical malpractice do not present a constitutional violation.").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

January 10, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
