UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerry J. Anderson, #82944-020,<br><br>    Petitioner,<br><br> v.<br><br>Matthew B. Hamidullah, Warden, FCI-Estill; FCI-Estill Medical Department; NFN Bush, Ms., and Medical Staff,<br><br>    Respondents. | C/A No. 2:06-0030-GRA-RSC<br><br>ORDER |

  This matter is before this Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed January 10, 2006. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983.  The magistrate treated this case as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The magistrate recommends dismissing Plaintiff's complaint without prejudice and without issuance and service of process.

  Plaintiff is a federal prisoner currently incarcerated at the Estill Federal Correctional Institution (FCI-Estill) in Estill, South Carolina.  Plaintiff is proceeding *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574

1

F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for

2

adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff on March 21, 2006 filed an objection to the magistrate's Report and Recommendation.

Plaintiff claims to have exhausted his administrative remedies. He states that he filed a Form BP-8 with a counselor on January 17, 2006 and wrote a letter to the Warden about having an operation for Plaintiff's left knee. (Plt. obj. at 1). Plaintiff attached a letter from the Warden denying him emergency surgery on his left knee dated March 4, 2006. (Plt. obj. Exhibit A).

However, even if this Court ignores that the Plaintiff filed his Form BP-8 and letter after filing the instant complaint, he still has failed to completely exhaust his administrative remedies as a prerequisite to bringing suit in a federal district court. *See Hernandez v. Steward*, 1996 U.S.Dist. LEXIS 18076, 1996 WESTLAW 707015 (D. Kan. November 27, 1996) and 28 C.F.R. § 542.10. Therefore this objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

3

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 31, 2006

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

4